# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 16-0781V
Filed: September 22, 2017
UNPUBLISHED

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| KATHRYN SCOTT-HLAVAC, | \* |
| | \* |
| Petitioner, | \* |
| v. | \* |
| | \*    Attorneys' Fees and Costs; |
| SECRETARY OF HEALTH | \*    Special Processing Unit ("SPU") |
| AND HUMAN SERVICES, | \* |
| | \* |
| Respondent. | \* |
| | \* |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Amber Diane Wilson*, Maglio Christopher & Toale, PA, Washington, DC, for petitioner.
*Claudia Barnes Gangi*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On June 30, 2016, Kathryn Scott-Hlavac ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleged that she suffered shoulder pain as a result of a pneumococcal conjugate 13 vaccine ("PCV 13") administered to her on May 30, 2014. On February 21, 2017, the undersigned issued a decision awarding compensation to petitioner based on respondent's proffer. (ECF No. 25).

On June 7, 2017, petitioner filed a motion for attorneys' fees and costs. (ECF No. 29). Petitioner requests attorneys' fees in the amount of $15,641.10, and attorneys' costs in the amount of $1,327.86, for a total amount of $16,968.96. *Id.* at 1-2.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).  In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Petitioner also incurred attorneys' fees and costs in the litigation of this matter with previous counsel, Coughlin & Gerhart LLP, in the amount of $1,200.83.  *See* Exhibit 11 to Petitioner's Motion.  In compliance with General Order #9, petitioner has filed a signed statement indicating petitioner incurred no out-of-pocket expenses.

      On June 13, 2017, respondent filed a response to petitioner's motion.  (ECF No. 30).  Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs."  *Id.* at 1.  Respondent adds, however, that she "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case."  *Id.* at 2.  Petitioner "respectfully recommends that the Chief Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs."  *Id.* at 3.

      On June 27, 2017, petitioner filed a reply.  (ECF No. 31).  Petitioner argues that respondent's position regarding the fee application is overly burdensome on the Court and prejudices petitioner.  *Id.* at 2.  Petitioner also argues that she has met her burden of establishing reasonable fees and costs, and as such her attorneys' fees and costs should be paid.  *Id.* at 3-4.

      The undersigned has reviewed the billing records submitted with petitioner's request.  In the undersigned's experience, the request appears reasonable, except for the necessary reductions discussed below.

      Ms. Wilson billed 29.8 hours in 2016 at a rate of $301 per hour, and 8.3 hours in 2017 at a rate of $308 per hour.  (ECF No. 36-1, p. 9.) The undersigned reduces Ms. Wilson's hourly rates to $275 for 2016, and $290 for 2017.  *See Kaufman v. HHS*, No. 15-1045V, 2016 WL 8347656, at *4-5 (Fed. Cl. Spec. Mstr. Nov. 7, 2016) (setting Ms. Wilson's rate for 2014 through 2016); *Noblett v. HHS*, No. 14-969V, 2017 WL 3033932, at *2 (Fed. Cl. Spec. Mstr. June 15, 2017) (setting a 2017 rate for Ms. Wilson based in part on the undersigned's analysis in *Kaufman*).

      Additionally, on October 19, 2016, Ms. Wilson billed 6.8 hours of travel at her full hourly rate. (ECF No. 29-1.)  Consistent with routine practice in this program, the undersigned reduces petitioner's counsel's hourly for this travel time rate by 50%.  *See, e.g., Hocraffer v. HHS,* No. 99-533V, 2011 WL 3705153, at *24 (noting that "Special masters consistently award compensation for travel time at 50% of the billing rate in the Vaccine Program."); *J.L.D. v. HHS*, No. 15-716V, 2017 WL 563189, at *4 (Fed. Cl. Spec. Mstr. Jan. 18, 2017) ("Upon further review of the billing records, I noted that [petitioner's counsel] billed a total of 19.6 hours of travel time in 2015. While an attorney may bill for work performed while traveling, special masters consistently award compensation for travel time at 50% of the billing rate in the Vaccine Program." (internal citations omitted)).

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). The undersigned **GRANTS** petitioner's motion for attorneys' fees and costs with the following reductions:

```
2016:  ($301-$275)*29.8 hours =   $774.80 reduction
2017:  ($308-$290)*8.3 hours  =   $149.40 reduction
Travel:  ($275-$137.50)*6.8 =    $935.00 reduction
```
**Total Reduction:          $1,859.20**

**Accordingly, the undersigned awards the following:**

A. A payment of $15,109.76,[3] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel **Amber Diane Wilson, Esq.**[4]

B. A payment of $1,200.83, as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel **Coughlin & Gerhart, LLP**.[5]

The clerk of the court shall enter judgment in accordance herewith.[6]

**IT IS SO ORDERED.**

s/Nora Beth Dorsey
Nora Beth Dorsey
Chief Special Master

---

[3] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir.1991).

[4] Petitioner requests that the check to Amber Diane Wilson, Esq. be forwarded to Maglio Christopher & Toale, PA, 1605 Main Street, Suite 710, Sarasota Florida 34236.

[5] Petitioner requests that the check to Coughlin & Gerhart, LLP be forwarded to P.O. Box 2039, Binghamton, NY 13902-2039.

[6] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.